UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN GALE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-CV-12601 RGS |
| ) | |
| UNUM LIFE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION TO DISMISS
### PLAINTIFF'S STATE LAW CLAIMS
### AND INCORPORATED MEMORANDUM OF LAW

Defendant Unum Life Insurance Company of America ("Unum" or "Defendant") hereby moves to dismiss Plaintiff's state law claims in her Complaint. Briefly stated, Plaintiff's state law claims are preempted under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and therefore may not be maintained in this action. Likewise, ERISA does not permit any trial by jury, and therefore Plaintiff's demand for a jury trial must be stricken.

### BACKGROUND

Unum Life Insurance Company of America ("Unum"), the defendant in this case, issued a group long-term disability ("LTD") insurance policy (the "Policy") to the Northeast Theatre Company, Plaintiff's former employer. (Complaint ¶ 4.) Plaintiff submitted a claim for disability benefits under the Policy to Unum, alleging that she was totally disabled. (Complaint ¶ 6.) After paying Plaintiff's claim for disability benefits through December 10, 2001, Unum denied Plaintiff's claim for further benefits. (Complaint ¶ 7.)

{W0233890.1}

Following Unum's termination of her LTD benefits, Plaintiff filed the present action in this Court. Plaintiff acknowledges that this Court has jurisdiction to hear her claim under ERISA, and that her claims against Unum are premised under ERISA though she fails to specify the applicable ERISA provision 29 U.S.C. § 1132(a)(1)(b). (Complaint ¶¶ 22-25.) Plaintiff has also pleaded, however, state law claims based on the same evidence as the ERISA claims (denial of benefits). These claims purport to sound in breach of contract, fraud and intentional misrepresentation. (Complaint ¶¶ 14 – 21). As explained below, Plaintiff's state law claims are preempted under ERISA and must be dismissed.

## DISCUSSION

### I.   Standard of Review.

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded facts contained in the Complaint, indulging all reasonable inferences in the Plaintiff's favor. *See Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 56 (1st Cir. 2002); *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999). The Court may dismiss the Complaint "when the facts alleged, if proven, will not justify recovery." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

### II.   Plaintiff's State Law Claims are Preempted by ERISA.

Plaintiff's state law claims are predicated upon Unum's denial of Plaintiff's claim for disability benefits. (Complaint ¶¶ 14 - 21.) Plaintiff agrees that the Policy issued and administered by Unum was issued to her employer, Northeast Theatre Company, and that the Policy was part of an employee benefit plan governed by ERISA. (Complaint ¶¶ 3, 4, 21 - 24.) Thus, there is no dispute that ERISA governs Plaintiff's claims in this case.

ERISA provides a series of civil enforcement remedies for plaintiffs who have been denied benefits under a group employee welfare benefit plan. A plaintiff may file an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). These federal remedies are the "exclusive civil enforcement provisions" available under ERISA. *Danca v. Private Health Care Systems, Inc.*, 185 F.3d 1, 5 (1st Cir. 1999). ERISA also contains a broad, general preemption clause that expressly "supersedes any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

Under governing Supreme Court and First Circuit caselaw, the effect of ERISA's codification of a series of exclusive remedies and the inclusion of the general preemption clause is the preemption of all state laws that: (1) "relate to" and ERISA plan (known as express preemption); or (2) present the threat of conflicting and inconsistent regulation that would frustrate uniform national administration of ERISA plans (known as conflict preemption). *See New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656-58 (1995); *Danca*, 185 F.3d at 6. Plaintiff's state law claims are preempted under both analyses.

### A. Plaintiff's claim is barred by the "express preemption" principles of ERISA.

ERISA was enacted by Congress to define and limit employees' rights under group employee welfare benefit plans established by employers throughout the nation. In *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987), the Supreme Court held that ERISA preempts state law and provides for exclusive federal remedies over disputes concerning the payment of benefits under ERISA-regulated employee benefit plans. In so holding,

the Supreme Court noted that ERISA's express preemption clause is to be broadly construed to effectuate its intent to replace "any and all state laws" that "relate" to an ERISA plan. *See id.* at 48.

"State law" in turn is expansively defined under ERISA to include "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. §1144(c). Moreover, Congress used the words "relate to" in their "broad common-sense meaning" of having "a connection with or reference to ... a plan." *Pilot Life Ins. Co.*, 481 U.S. at 47; *see Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983). Therefore any claim under state statutory or common law that "relates to" an ERISA plan is expressly preempted under federal law and may not be maintained. And a claim "relates to" an ERISA plan if "it has a connection with or reference to such a plan," *Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d 790, 793-94 (1st Cir. 1995), or if "the trier of fact necessarily would be required to consult the ERISA plan to resolve the plaintiff's claims." *Harris v. Harvard Pilgrim Health Care*, 208 F.3d 274, 281 (1st Cir. 2000) (concluding that "state-law claims for unfair and deceptive trade practices are preempted by ERISA" because the court necessarily would have to refer to the plan to determine whether the defendant breached its duties).

Numerous decisions by the Supreme Court, the First Circuit and this Court have repeatedly found state statutory and common law claims related to an insurer's administration and denial of benefits under an ERISA plan to be expressly preempted. *See, e.g., Pilot Life Ins. Co*, 481 U.S. at 48 (common law claims for tortious breach of contract and breach of fiduciary duty preempted by ERISA); *Dudley Supermarket v. Transamerica Life Ins.*, 302 F.3d 1, 4 (1st Cir. 2002) (state law claims because they fell

"squarely within the exclusive scope of the federal civil enforcement provisions of ERISA"); *Harris*, 208 F.3d at 281 (chapter 93A claim preempted by ERISA); *Hampers v. W.R. Grace & Co.*, 202 F.3d 44, 51-53 (1st Cir. 2000) ) (common law breach of contract claim preempted by ERISA); *Brigham v. Sun Life of Canada*, 183 F. Supp. 2d 427, 428 (D. Mass. 2002) (discussing prior dismissal of breach of contract and ch. 93A claims on ERISA preemption grounds), *aff'd*, 317 F.3d 73 (1st Cir. 2003); *Andrews-Clarke v. Lucent Technologies, Inc.*, 157 F. Supp. 2d 93, 104 (D. Mass. 2001) ("It is well-established that state law claims based on the improper processing of a claim for benefits are preempted by ERISA since the existence and terms of the plan are critical to the plaintiff's claims."); *Tuohig v. Principal Insurance Group*, 134 F. Supp. 2d 148, 154 (D. Mass. 2001) (Plaintiff's "claim under Chapter 93A is based on the defendant's alleged knowing and willful failure ... to pay benefits under the policy 'when it became clear the beneficiary was entitled to the benefit'.... Therefore, because the claim is closely related to the denial of benefits under the plan, it is preempted under ERISA.").

As the First Circuit has explained, "[w]hat matters, in our view, is that the conduct was indisputably part of the process used to assess a participant's claim for a benefit payment under the plan. As such, any state-law-based attack on this conduct would amount to an 'alternative enforcement mechanism' to ERISA's civil enforcement provisions" and is expressly preempted. *Danca*, 185 F.3d at 6. Here, as explained above, any evaluation of whether Defendant misapplied the terms of the Policy or otherwise failed to fulfill its duties under the terms of the Policy is inextricably tied to the language

of the Policy itself. As such, Plaintiff's state law claims are expressly preempted by ERISA.[1]

### B. Plaintiff's claim is barred by the "conflict preemption" principles of ERISA.

A state cause of action also is preempted to the extent it "conflicts with an ERISA cause of action." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142 (1990); *see Pilot Life Ins. Co*, 481 U.S. at 54. The Supreme Court repeatedly has held that ERISA preempts state laws to the extent that they "conflict[ ] with the provisions of ERISA or operate[ ] to frustrate its objects." *Boggs v. Boggs*, 520 U.S. 833, 841 (1997); *see also Egelhoff v. Egelhoff*, 532 U.S. 141 (2001). ERISA § 1132(a) contains a civil enforcement provision that includes a range of remedies for ERISA plan participants. The civil enforcement scheme of ERISA "is one of the essential tools for accomplishing the stated purposes of ERISA," *Pilot Life Ins. Co.*, 481 U.S. at 52, and the statute's "civil enforcement remedies were intended to be exclusive." *Id.* at 54; *see Rush v. Moran*, 12 S. Ct. 2151, 2165 (2002) ("the civil enforcement provisions [of ERISA] are of such extraordinarily preemptive power" that any law that "provide[s] a form of ultimate relief in a judicial forum that add[s] to the judicial remedies provided by ERISA" is preempted)

---

[1] Because plaintiff's common law claims are based on laws of general application, and not laws directed specifically at the insurance industry, they are not saved from express preemption by ERISA's savings clause. *See Kentucky Ass'n of Health Plans, Inc. v. Miller*, 123 S. Ct. 1471, 1476 (2003) ("It is well established in our case law that a state law must be 'specifically directed toward' the insurance industry in order to fall under ERISA's savings clause; laws of general application that have some bearing on insurers do not qualify."); *Hotz*, 292 F.3d at 60-61 (holding that chapters 93A and 176D reflect prohibitions "in more general terms, and for all industries," not just the insurance industry, so chapter 93A and 176D claims are not saved from preemption under ERISA). In addition, as explained in Section II.B, *infra*, those claims would still be preempted under ERISA's conflict preemption doctrine.

Accordingly, the First Circuit and this Court have held that a plaintiff's state law claims arising from the administration and denial of benefits under an employee benefit plan are preempted because the federal statutory remedy provided by ERISA is the exclusive means by which a plan participant or beneficiary may obtain redress. *See, e.g., Hotz v. Blue Cross & Blue Shield*, 292 F.3d 57, 60 (1st Cir. 2002) (finding chapters 93A and 176D claims preempted because they offer remedies "at odds" with those available under ERISA); *Hampers*, 202 F.3d at 51 (noting that ERISA's purpose was "to ensure that plans and plan sponsors would be subject to a uniform body of benefits law") (internal quotation omitted); *Turner v. Fallon Comm. Health Plan*, 127 F.3d 196, 198-99 (1st Cir. 1997) ("ERISA's express remedies are a signal to courts not to create additional remedies of their own."); *see also Andrews-Clarke v. Lucent Tech., Inc.*, 157 F. Supp. 2d 93, 105 (D. Mass. 2001) ("[P]laintiff's claims must be deemed preempted for the additional reason that the ERISA statute provides an exclusive remedy for wrongful denial of benefit claims, and parties cannot maintain actions distinct from those provided by the ERISA statute.").

Because Plaintiff's attempt to impose obligations on Unum under common law theories would conflict with the comprehensive and exclusive nature of ERISA, Plaintiff's state law claims are inconsistent with the intent of ERISA and therefore are preempted.

## III.  ERISA Does Not Permit Trial by Jury.

The plaintiff's current complaint demands a trial by jury. Under ERISA, there is no right to trial by jury, and the First Circuit has held as much. *See Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 27, n. 4 (1st Cri. 2003); Leahy v. Raytheon Co.*, 315

F.3d 11, 18 (1st Cir. 2002) ("No jury is involved"); *Hampers*, 202 F.3d at 54 ("Grace's decision to deny Hampers participation rights in the ERISA-regulated plan ... resulted from a decision made by Grace in its capacity as an ERISA employer with responsibility and authority over the ERISA-regulated plan. Accordingly, the district court did not err in finding Hampers's state law claim against Grace preempted and denying his demand for a jury trial."); *Recupero v. New England Telephone Co.*, 118 F.3d 820, 829, 831 (1st Cir. 1997) (stating that in ERISA cases "ordinarily no right to jury trial is involved," because the "use of a jury to resolve disputes about the record for judicial review of out-of-court decisions in this case would be fundamentally inconsistent with the regime of limited jurisdiction of federal courts"). District courts in Massachusetts likewise have held that ERISA does not permit trial by jury. *See, e.g., Dudley Supermarket Inc. v. Transamerica Life Ins.*, 188 F. Supp. 2d 23, 24 (D. Mass. 2002); *Vartanian v. Monsanto Co.*, 880 F. Supp. 63 (D. Mass. 1995); *Jorstad v. Connecticut General Life Ins. Co.*, 844 F. Supp. 46 (D. Mass. 1994); *Charlton Memorial Hosp. v. The Foxboro Co.*, 818 F. Supp. 456, 460 (D. Mass. 1993); *Fuller v. Connecticut Life Ins. Co.*, 733 F. Supp. 462, 465 (D. Mass. 1990).

Thus, Plaintiff has no right to a jury trial in this ERISA action, and the demand for a jury trial should be stricken.[2]

---

[2] In addition, because this is an action under ERISA, and the Policy contains provisions bestowing discretionary authority upon Unum for all decisions made under the Policy, the Court's review of Unum's determination will be subject to the arbitrary and capricious standard of review. *See Firestone Tire and Rubber, Inc. v. Bruch*, 489 U.S. 101, 115 (1989). Under that standard, there is no trial at all. *See, e.g., Recupero v. New England Tel. Co.*, 118 F.3d 820, 827-29 (1st Cir. 1997). Rather, the Court merely reviews Unum's decision based on the administrative record compiled by Unum, and determines whether Unum's decision was irrational or unreasonable. *See Lopes v. Metropolitan Life Ins. Co.*, 332 F.3d 1, 6 (1st Cir. 2003); *Liston v. Unum Corp. Officer Severance Plan*, 330 F.3d 19, 24 (1st Cir. 2003).

## CONCLUSION

For all the foregoing reasons, Unum respectfully requests that the Court allow its motion and dismiss Plaintiff's negligence claim in its entirety as preempted under ERISA. Furthermore, because ERISA provides no right to trial by jury, Plaintiff's demand for jury trial must be stricken.

DATED: 05/03/04

Christopher T. Roach
Bar Reg. No. 632811

PIERCE ATWOOD
One Monument Square
Portland, ME 04101
(207) 791-1100

*Attorneys for Defendant*
*Unum Life Insurance Company of America*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the enclosed pleadings were served upon counsel for Plaintiff, via regular mail, postage prepaid, addressed as follows:

> Douglas C. Dufault, Jr., PPC.
> 250 East Main Street, Suite #4
> Norton, MA 02766

DATED: 05/03/04

_____
Christopher T. Roach

{W0233890.1}